STATE OF WEST VIRGINIA

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALBERT R. LITTLETON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0899** (BOR Appeal No. 2045190)
(Claim No. 2000045373)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ASPLUNDH TREE EXPERT CO.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Albert R. Littleton, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review's Order denying authorization for an updated psychiatrist diagnosis and neuropsychological testing. Asplundh Tree Expert Co., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 9, 2011, in which the Board affirmed a September 24, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's order of November 6, 2009. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

In this case, Mr. Littleton worked as a foreman for Asplundh Tree Expert Co. On November 5, 1999, Mr. Littleton was involved in a motor vehicle accident in the course of his employment and suffered serious injuries that were found to be compensable by the Office of Judges on September 28, 2001.

In 2003, in an independent medical exam, Dr. Ryan Finkenbine found Mr. Littleton to be at maximum medical improvement with a 13% total psychiatric impairment. Dr. Finkenbine stated that the compensable injuries of November 5, 1999, were an aggravation of a preexisting disorder. Dr. Finkenbine found that Mr. Littleton met the criteria for an Axis 1 diagnosis of depressive disorder based on the symptoms of depressed mood, appetite change, sleep disturbance, feelings of worthlessness, decreased energy, and anhedonia. Dr. Finkenbine was not clear about the onset of the disorder as Mr. Littleton's medical records revealed that he had been started on Prozac three months prior to the occupational injury and had taken Prozac intermittently over many years prior.

Dr. Finkenbine, also found that Mr. Littleton met the criteria for a diagnosis of cognitive disorder, not otherwise specified, based on signs and symptoms of irritability and cognitive difficulties including poor memory, concentration and verbal expression. Mr. Littleton and his wife noted cognitive difficulties which were not present prior to the compensable injury, including frequent mistakes in naming common household items, misplacement of personal items, and difficulties with concentration and memory.

Mr. Littleton's treating physician, Dr. Sella, submitted a request for an updated psychiatrist diagnosis and neuropsychological testing. Dr. Sella's report stated that he did not know whether the present symptoms were due to the 1999 compensable injuries. The Office of Judges found that a preponderance of the evidence failed to prove that the claimant's current psychiatric condition was a result of Mr. Littleton's compensable injuries. The Board of Review reached the same reasoned conclusion in its decision of May 9, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 19, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum